UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Todd Kurtzhals,

          Plaintiff,

v.

County of Dunn,

          Defendant.

COMPLAINT

Case No. 18 CV 247

Plaintiff, Todd Kurtzhals, by his attorneys, Bakke Norman, S.C., by Peter M. Reinhardt, states and complains of Defendant as follows:

## PARTIES

1. Plaintiff, Todd Kurtzhals, is an adult resident of the State of Wisconsin and resides at N3027 1002 Street, Elk Mound, Wisconsin.

2. Defendant, County of Dunn, is a body corporate, organized and existing under the laws of the State of Wisconsin. Its principal place of business is located at 800 Wilson Avenue, Menomonie, Wisconsin.

3. Defendant, County of Dunn, is an "employer" as defined in 42 U.S.C. § 12111(5).

## NATURE OF ACTION

4. Plaintiff, Todd Kurtzhals, claims the Defendant, County of Dunn, discriminated against him by requiring a fitness for duty evaluation, in violation of 42 U.S.C. § 12112(d)(4)(A), and engaged in discrimination in the terms and conditions of his employment (disparate treatment), based on disability, in violation of 42 U.S.C. § 12112.

5. Plaintiff, Todd Kurtzhals, filed a complaint with the Equal Rights Division on June 13,

1

2016, Case No. CR201601648 and cross-filed with the Equal Employment Opportunity Commission, Case No. 26G201600874C.

6. On January 12, 2018, Plaintiff, Todd Kurtzhals, received a Notice of Right to Sue with respect to the complaint identified in paragraph five hereof.

## JURISDICTION AND VENUE

7. Jurisdiction in this court is proper as this case presents a federal question and controversy. Venue in the Western District of Wisconsin is appropriate because the conduct giving rise to Plaintiff's claim occurred in this district.

## ALLEGATIONS

8. Plaintiff Kurtzhals began his employment with the Dunn County Sheriff's Department in 1993 as a Patrol Deputy. Plaintiff Kurtzhals was hired by the Sheriff at that time, Robert Zebro.

9. Approximately two and one-half years later, Plaintiff Kurtzhals was promoted to the position of Patrol Sergeant and remained in that position until 2002.

10. In November of 2002 Dunn County elected a new Sheriff, Dennis Smith. Sheriff Smith has remained in this position since that time.

11. In November of 2002, Plaintiff Kurtzhals was mobilized with the United States Army. For 12 years, until June of 2014, Plaintiff Kurtzhals served in the military as an Army Lieutenant Colonel primarily in Iraq; Afghanistan; Kuwait; Ft. McCoy, Wisconsin; Ft. Snelling, MN, and Ft Sheridan, IL. During his military service, Plaintiff Kurtzhals was Brigade S3 and was in charge of planning, training and operations for over 25,000 soldiers. Additionally, he was responsible for the overall training and deploying of soldiers for the global war on terrorism.

12. During the 12 year time period, November 2002 – June 2014, Plaintiff returned to his

employment position as Patrol Sergeant, with the Dunn County Sheriff's Department, a few times.

13. Throughout his years of employment with the Dunn County Sheriff's Department, Plaintiff Kurtzhals has received consistent wage increases and favorable performance evaluations.

14. At all relevant times, Plaintiff Kurtzhals has performed and continues to perform his job duties to the legitimate expectations of Defendant.

15. At all relevant times, Plaintiff Kurtzhals has been competent and qualified to perform his job duties and has continued to perform his job duties to the legitimate expectations of Defendant.

16. In the spring of 2014, Plaintiff Kurtzhals was diagnosed, by the El Paso VA Health Care System in El Paso, Texas, as suffering from Post-Traumatic Stress Disorder (PTSD).

17. In June of 2014 Plaintiff Kurtzhals was honorably discharged from the Army. Prior to his honorable discharge from the Army, he voluntarily underwent extensive counseling for PTSD.

18. Plaintiff's medical condition of PTSD is a disability within the Americans with Disabilities Act, 42 U.S.C. § 12102(1)(A)-(C).

19. After his honorable discharge from the Army, Plaintiff Kurtzhals returned to his position as Patrol Sergeant with the Dunn County Sheriff's Department.

20. Approximately one week after returning to work at Sheriff's Department, Plaintiff Kurtzhals disclosed to his supervisors, Patrol Captain Kevin Bygd and Chief Deputy Paul Gunness, that he suffered from Post-Traumatic Stress Disorder. Bygd and Gunness responded that the PTSD was not a problem.

21. In the spring of 2016 the position of Investigative Sergeant became vacant in the Sheriff's Department. This position was first offered to the Patrol Sergeants. As the sole internal applicant, Plaintiff Kurtzhals was awarded the position.

22. In his new position as Investigative Sergeant, Plaintiff Kurtzhals was responsible for managing incident reports and disbursing cases to the investigators he supervised. These investigators include Rod Dicus, Dennis Rhead and Brett Kohnke.

23. One of Plaintiff Kurtzhals' deputy investigators, Dennis Rhead, was also interested in the position of Investigator Sergeant. As the position was first offered to sergeants, Deputy Rhead did not have an opportunity to apply for the position.

24. Since obtaining the position of Investigative Sergeant, Deputy Rhead has had, and continues to have, difficulty in acknowledging and following directives from his direct supervisor, Plaintiff Kurtzhals.

25. On April 1, 2016, Deputy Rhead entered Plaintiff Kurtzhals' office, aggressively, in an attempt to discuss a property retrieval. At the time, Plaintiff Kurtzhals was sitting behind his desk with paperwork. During the discussion, Rhead became irate, raised his hand and pointed his finger at Plaintiff Kurtzhals shouting "you are a fucking liar."

26. As he felt threatened by Deputy Rhead's behavior, Plaintiff Kurtzhals ordered Rhead out of his office. When Rhead made no attempt to leave, Plaintiff Kurtzhals stood up and twice more directed Rhead to remove himself from Plaintiff's office. During this exchange Plaintiff Kurtzhals told Rhead to never call him a liar again, and that if Rhead ever approached him in a threatening and combative way again, Rhead better be ready to take it to the parking lot.

27. After the incident with Deputy Rhead, Plaintiff Kurtzhals met with his supervisor, Captain Bygd and explained the situation. Bygd suggested that Plaintiff Kurtzhals complete a disciplinary statement on Rhead. Plaintiff Kurtzhals elected to complete a counseling statement and Captain Bygd agreed.

28. Plaintiff Kurtzhals summoned Rhead into his office and handed him the counseling statement. After reviewing it, Rhead told Plaintiff Kurtzhals the statement was not accurate and that Plaintiff had a lot more he needed to worry about. When Kurtzhals asked Rhead if that was another threat to his safety, Rhead refused to answer.

29. On April 11 or 12, 2016, a policy update meeting was held in the Sheriff's Department. During this meeting, it is believed that the fact that Plaintiff Kurtzhals suffers from Post-Traumatic Stress was discussed.

30. During the week of April 11, 2016, Plaintiff Kurtzhals was attending a Homicide Schooling and, therefore, absent from the policy update meeting. Upon completion of the schooling, Plaintiff Kurtzhals stopped into his office on April 13, 2016, to check his e-mails.

31. After entering his office on April 13, 2016, Plaintiff Kurtzhals was immediately summoned into a conference room by Chief Deputy Marshall Multhauf and Sheriff Smith. At that time, Plaintiff Kurtzhals was handed a letter placing him on paid administrative leave pending an investigation of "workplace violence and safety." Plaintiff Kurtzhals was immediately removed from the work schedule.

32. During this meeting Chief Deputy Multhauf told Plaintiff Kurtzhals that he had never seen Dunn County's Workplace Violence Policy that was referenced in the April 13, 2016 letter to Plaintiff Kurtzhals.

33. The April 13, 2016 letter from Sheriff Smith, also ordered Plaintiff Kurtzhals to undergo

5

an independent medical evaluation as a result of the April 1, 2016, incident with Deputy Rhead.

34. After reviewing the letter, and while still in the conference room, Plaintiff Kurtzhals asked Chief Deputy Marshall and Sheriff Smith, two times, if the fitness for duty evaluation had anything to do with his PTSD diagnosis. They refused to answer Plaintiff Kurtzhals' questions.

35. Plaintiff Kurtzhals asked Sheriff Smith and Chief Deputy Multhauf if Deputy Rhead was ordered to going to undergo a fitness for duty evaluation. Sheriff Smith and Chief Deputy Multhauf would not answer this question.

36. Plaintiff Kurtzhals' independent medical examination, referenced in the April 13, 2016, letter was cancelled by Defendant after receiving a letter from Plaintiff's counsel regarding potential disability discrimination.

37. Due to the actions of Defendant and its agents, the fact that Plaintiff was required to undergo a medical examination became common knowledge in the law enforcement community in Northwestern Wisconsin and with non-law enforcement citizens in Dunn County, Wisconsin, and the surrounding area. This adversely affected Plaintiff's reputation in the law enforcement community and the community, in general.

38. Deputy Rhead had a prior work history of violations of work rules, written reprimands, and citizen complaints of excessive use of force. Unlike Plaintiff Kurtzhals, Deputy Rhead was not placed on administrative leave, nor was he ordered to undergo a fitness for duty examination, with respect to the April 1, 2016 incident.

39. Early on Tuesday, May 31, 2016, around 7:50 a.m., Plaintiff Kurtzhals was informed, in a letter from Corporation Counsel, that he could return to work that day. Approximately 30 minutes later, Defendant's Corporation Counsel sent Plaintiff Kurtzhals' counsel an e-mail informing him to disregard the letter advising Plaintiff Kurtzhals to return to work.

40. Around 10:00 a.m. that same day, May 31, 2016, a second letter was sent by Defendant's Corporation Counsel advising Plaintiff Kurtzhals that the Sheriff was ordering him to undergo a Fitness for Duty Examination and that the exam was scheduled for the following week, on June 7, 2016.

41. The only reason that Plaintiff Kurtzhals was required to have a fitness for duty evaluation was his history of PTSD.

42. Plaintiff Kurtzhals complied and underwent a fitness for duty exam on June 7, 2016.

43. The results of the fitness for duty exam indicated that Plaintiff Kurtzhals was safe to return to work. Plaintiff Kurtzhals returned to work at the Sheriff's Department on July 8, 2016.

44. Plaintiff was on paid administrative leave from April 13, 2016, through July 8, 2016.

45. Prior to his paid administrative leave, Plaintiff routinely worked overtime in order to complete his duties as Investigative Sergeant. He was authorized to work necessary hours to complete his duties, including overtime, without prior approval. Plaintiff Kurtzhals also occasionally picked up shifts for other law enforcement officers who were on vacation.

46. On an annual basis, Plaintiff Kurtzhals worked an average of 475 hours of overtime.

47. As a result of Plaintiff being placed on paid administrative leave and being required to undergo a fitness for duty evaluation, Plaintiff Kurtzhals was denied the opportunity to work overtime he had historically worked and receive pay for this overtime.

48. On the first day of his return to work, Plaintiff Kurtzhals was handed two documents. One document was a letter from the Sheriff directing Plaintiff Kurtzhals to meet with Captain Bygd about his return to work. In the letter, Plaintiff Kurtzhals was directed not to retaliate against any co-worker or subordinate. Deputy Rhead did not receive a similar letter.

49. The second document was a memo outlining expectations regarding Plaintiff Kurtzhals' duties as an Investigative Sergeant. Plaintiff Kurtzhals asked Sergeant Bygd why he was receiving these documents. Bygd replied "because you are the one under the microscope." Plaintiff replied "So, I am being treated differently than anyone else." Bygd did not respond.

50. On Friday, September 2, 2016, five months after the April 1, 2016 incident with Deputy Rhead, Plaintiff Kurtzhals received an oral reprimand, in writing, with respect to that incident. Deputy Rhead did not receive a reprimand relating to the April 1, 2016 incident.

51. Upon information and belief, the written, oral reprimand, as well as Plaintiff's paid administrative leave and fitness for duty evaluation, have adversely affected his ability to obtain alternative employment in law enforcement.

52. Plaintiff Kurtzhals eventually received a payment from Dunn County for some of the overtime he missed during his administrative leave, but the payment was a small percentage of his lost wages associated with the loss of overtime.

53. At all relevant times, based on his PTSD diagnosis and treatment therefore, Plaintiff Kurtzhals was a qualified individual with a disability, who could perform the essential functions of his job with or without accommodation, within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12102(1)(A)-(C).

## FIRST CAUSE OF ACTION
### VIOLATOIN OF ADA BY REQUIRING FITNESS FOR DUTY EVALUTAION
(Violation of 42 U.S.C. §§ 12112(d)(4)(A))

54. Plaintiff Kurtzhals re-alleges and incorporates the allegations in all previous paragraphs.

55. Defendant's requirement that Plaintiff undergo a fitness for duty evaluation was not job-related and consistent with business necessity. Nor was his administrative leave.

56. Plaintiff has suffered pecuniary harm and emotional distress as a result of Defendant's violation of the Americans with Disabilities Act.

## SECOND CAUSE OF ACTION
## DISCRIMINATION IN TERMS AND CONDITIONS OF EMPLOYMNET
### (Violation of 42 U.S.C. § 12112(a) and § 12112(b))

57. Plaintiff Kurtzhals re-alleges and incorporates the allegations in all previous paragraphs.

58. Upon information and belief, in the last 20 years, no law enforcement personnel employed by the Dunn County Sheriff's Department have been required to undergo a fitness for duty evaluation for similar conduct to that engaged in by Plaintiff Kurtzhals.

59. Upon information and belief, during the last 20 years, law enforcement personnel employed by the Dunn County Sheriff's Department, who have engaged in excessive use of force, have not been required to undergo a fitness for duty evaluation.

60. Defendant treated Plaintiff Kurtzhals in a different manner than his similarly situated co-workers, and discriminated against Plaintiff Kurtzhals in the terms and conditions of his employment based on his disability by placing him on administrative leave, requiring that he undergo a fitness for duty evaluation, giving him a written, oral warning, and denying him the right to receive overtime.

61. Plaintiff Kurtzhals' disability was a motivating factor in Defendant's employment decisions and actions described herein.

62. Defendant's conduct was a violation of 42 U.S.C. § 12112(a) and § 12112(b).

63. Plaintiff Kurtzhals suffers and continues to suffer pecuniary harm and emotional injury as a result of Defendant's discrimination.

WHEREFORE, Plaintiff Kurtzhals respectfully requests the following relief:

A. Compensatory damages;

B. Back pay with respect to overtime pay;

C. Cease and desist order;

D. Appropriate Injunctive Relief;

E. Attorney's fees and costs and

F. Such other further relief as the Court deems appropriate.

**A JURY TRIAL IS DEMANDED**

Dated: April 10, 2018

BAKKE NORMAN, S.C.

By: _____
Peter M. Reinhardt
Attorney No. 1025187
2919 Schneider Avenue SE, P.O. Box 280
Menomonie, WI 54751-0280
(715) 235-9016
preinhardt@bakkenorman.com

Attorneys for Todd Kurtzhals